UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHYH-YIH HAO,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>WU-FU CHEN, and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendant. | Case No.: 10-CV-00826-LHK<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |

Defendant Wu-Fu Chen moves to dismiss this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, to dismiss or stay the action under federal doctrines of abstention. Pursuant to Local Civil Rule 7-1(b), the Court concludes that the limited issues requiring resolution at this time are appropriately determined without oral argument. Accordingly, having considered the parties' submissions and the relevant law, the Court GRANTS Defendant's motion to dismiss for lack of subject matter jurisdiction, with leave to amend. The motion hearing and case management conference set for October 7, 2010 are vacated.

**I. Background**

Plaintiff Shyh-Yih Hao ("Hao") is the brother-in-law of Defendant Wu-Fu Chen ("Chen"). Compl. ¶ 4. Chen is a Silicon Valley venture capitalist who co-founded Ardent Communications Corp., a successful IT company acquired by Cisco Systems in the 1990s. Compl. ¶ 4; Decl. of Wu-Fu Chen in Supp. of Mot. to Dismiss ("Chen Decl.") ¶ 5(a), ECF No. 7. Through this venture and

1

others, Chen "amassed a considerable personal fortune." Compl. ¶ 4. In the mid-1990s, Chen began dating Hao's sister, Ellen Hao Chen ("Ellen"), and in 2000 they married. Chen Decl. ¶ 5(b). Chen and Ellen are currently involved in marriage dissolution proceedings in the Santa Clara County Superior Court. Chen Decl. ¶ 2.

On February 26, 2010, Hao initiated this action against Chen, alleging conversion, breach of fiduciary duty, and unjust enrichment and seeking an accounting and other forms of relief. The facts underlying Hao's allegations are highly disputed. The Complaint alleges that Plaintiff Hao invested millions of dollars into two venture fund companies – Chens, LLC, and WFChen, LLC – established by Defendant in July 1998 and April 2000, respectively. Compl. ¶ 5. Sometime thereafter, these companies were transferred to Cascade Capital Management, LLC, a company formed in the Cayman Islands and allegedly managed by Defendant. Compl. ¶ 9. Plaintiff alleges that he was unaware of this transfer until sometime in 2009; that his signature was forged on the Interest Transfer Agreement that transferred his ownership interest in Chens, LLC, and WFChen, LLC; and that he never received the $7,084,808 he was due under the Interest Transfer Agreement. Compl. ¶¶ 8-9. He therefore seeks an accounting of transactions relating to Chens, LCC, and WFChen, LCC, as well as actual and punitive damages, restitution, disgorgement of profits, and imposition of a constructive trust.

Defendant Chen provides a very different account of the facts in his motion to dismiss and attached declaration. According to Chen, Hao never invested any of his own money in the venture funds. Rather, Defendant alleges that while he and Hao's sister, Ellen, were dating, he placed stock into a Charles Schwab account for Ellen to manage. Chen Decl. ¶ 5(b). At the time, Ellen was divorcing her first husband, and Chen alleges that he created the Schwab account in Hao's name in order to prevent Ellen's first husband from learning about the transaction. Chen Decl. ¶ 5(c). Chen claims that the funds in the Schwab account were not a gift and that, although held in Hao's name, the funds were expressly intended to be the community property of Ellen and Chen when they married. *Id.* According to Chen, the money used to pay for Hao's interest in Chens, LLC, as well as allegedly unauthorized capital contributions to WFChen, LLC, came from the

funds in the Schwab account. Chen Decl. ¶ 5(k). He therefore alleges that any interest Hao claims in the venture funds was "a fiction intended to describe the interest of Ellen." Chen Decl. ¶ 5(l).

In accordance with this view of the facts, Chen argues that the funds and investments at issue in this case are either community property of Chen and Ellen or separate property belonging to Chen and that characterization and accounting of these assets will have to be undertaken in the dissolution proceedings currently underway in state court. He therefore urges this court to dismiss this action for lack of subject matter jurisdiction under the domestic relationship exception to diversity jurisdiction or to abstain from exercising jurisdiction based on the close relationship of this case to the state court proceeding. Plaintiff Hao, on the other hand, argues that because Ellen does not claim a community property interest in the funds held in Hao's name, the state court will not be required to make a determination as to the ownership of those funds. Thus, he contends that the state court action poses no barrier to the exercise of jurisdiction by this Court.

As discussed below, the Court will not resolve these complicated issues of fact at this time. The court agrees with Defendant's alternative argument that Plaintiff has not sufficiently pled diversity jurisdiction and will defer the question of abstention until the Court is satisfied that it has subject matter jurisdiction over this case.

**II. Legal Standard**

It is axiomatic that federal courts are courts of limited jurisdiction. *Vacek v. U.S. Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). Accordingly, on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the party asserting jurisdiction has the burden of establishing that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

A Rule 12(b)(1) motion may be either a facial or factual attack on jurisdiction. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In a facial attack, the defendant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In considering a facial attack, a court must take the allegations in the Complaint as true and draw all reasonable inferences in the plaintiff's favor. *Id.* In a factual attack, on the other hand, the

3

1   defendant challenges the truth of the allegations establishing federal jurisdiction. *Id.* Generally, in

2   considering a factual attack, a court need not assume the truth of the plaintiff's allegations, and the

3   plaintiff may be required to "furnish affidavits or other evidence necessary to satisfy its burden."

4   *Id.*

**III. Discussion**

  **A. Subject Matter Jurisdiction**

Defendant Chen moves to dismiss this action under Rule 12(b)(1) on several grounds. In his Memorandum of Points and Authorities filed on April 9, 2010, ECF No. 7, Chen argues that the Court lacks subject matter jurisdiction based on the domestic relations exception to diversity jurisdiction. Chen also alleges several additional jurisdictional defects in his Second Amended Notice of Motion and Motion to Dismiss, ECF No. 27, including Plaintiff's failure to allege that Defendant is a citizen of any state for diversity purposes. The Court agrees that Plaintiff has not adequately alleged Defendant's domicile or state citizenship for purposes of diversity jurisdiction. Thus, the Court will first address the sufficiency of the pleadings and then briefly discuss Defendant's remaining jurisdictional arguments.

  **1. Sufficiency of the pleadings**

In his Second Amended Notice of Motion and Motion to Dismiss, Defendant argues that Plaintiff has failed to plead facts sufficient to establish diversity jurisdiction because Defendant is not alleged to be a citizen of any state. Defendant is correct on this point. Plaintiff's Complaint does not allege Chen's citizenship, but instead states only that "Defendant is a citizen of the United States residing in Los Altos, California." Compl. ¶ 2. However, the citizenship of a natural person is determined based on his state of domicile, not his state of residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is his permanent home, where he resides with the intention to remain indefinitely or where he has resided in the past and intends to return. *Id.* Domicile is determined based on a number of factors, including: current residence, voting, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, place of employment, driver's license and automobile registration, and payment of taxes. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Thus, although a person's current

4

residence may be a factor, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter*, 265 F.3d at 857. For this reason, allegations of residence are insufficient to establish diversity jurisdiction. *Id.* at 857-58.

Perhaps recognizing this, Plaintiff responded to Defendant's amended notice of motion by filing a First Amended Complaint ("FAC") on September 16, 2010, along with his Opposition to Defendant's motion. The FAC states, "On information and belief, Defendant is a California citizen residing in Los Altos, California."[1] FAC ¶ 2. In his Reply, Defendant argues that the Court should not consider the FAC because it is untimely under Federal Rule 15(a)(1)(B). If the Court does consider the FAC, Defendant contends that Plaintiff's allegation of California citizenship, made on information and believe, is insufficient to establish jurisdiction. Defendant also alleges, without elaboration, that his domicile "is likely in Taiwan," Def.'s Reply 9, ECF No. 33, thereby precluding diversity jurisdiction.

The Court agrees that Plaintiff's FAC is procedurally improper. A party may amend its pleading once as a matter of right 21 days after service of a responsive pleading or service of a Rule 12 motion, whichever is earlier. Fed. R. Civ. Pro. 15(a)(1)(B). Because Defendant initially filed this Rule 12 motion in April 2010, Plaintiff's time to amend as a matter of right expired months ago, and Plaintiff was required to seek either leave of the Court or Defendant's written consent before filing an amended Complaint. Fed. R. Civ. Pro. 15(a)(2). Particularly if Defendant intends to contest the domicile attributed to him in the FAC, it is important that the allegations of citizenship be presented through proper procedures that will allow the parties to present evidence of Defendant's domicile, if necessary. Accordingly, the Court GRANTS Defendant's motion to dismiss on grounds that Plaintiff failed to plead facts sufficient to establish diversity of citizenship. Because leave to amend is freely granted to cure jurisdictional defects, *see* 28 U.S.C.A. § 1653; *Montrose Chemical Corp. of California v. American Motorists Ins. Co.*, 117 F.3d 1128, 1136 (9th Cir. 1997), the Court grants Plaintiff leave to amend.

---

[1] The FAC differs from the original Complaint only in this respect.

5

Case No.: 10-CV-00826-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

**2. Additional Jurisdictional Arguments**

Although the Court need not resolve the remaining jurisdictional arguments raised by Defendant, the Court will briefly address two additional jurisdictional arguments made by Defendant, in order to provide guidance to Plaintiff if he chooses to amend the Complaint and to narrow the issues for any future motion to dismiss. First, relying on the Supreme Court's decision in *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), Defendant argues that this case falls within the domestic relations exception to diversity jurisdiction because it may present issues that overlap with divorce proceedings currently underway in state court. While such overlap might, if adequately proven, constitute grounds for abstention, it does not deprive this Court of subject matter jurisdiction.[2] The Supreme Court's decision in *Ankenbrandt* clearly limits the domestic relations exception to "cases involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704, 112 S.Ct. 2206 (1992); *see also McIntyre v. McIntyre*, 771 F.2d 1316, 1317-18 (9th Cir. 1985) ("the exception to jurisdiction arises in those cases where a federal court is asked to grant a decree of divorce or annulment, or to grant custody or fix payments for support"). Even under the arguably broader, pre-*Ankenbrandt* decisions that Defendant cites, the domestic relations exception applied only to cases in which "the primary issue concerns the status of parent and child or husband and wife." *Csibi v. Fustos*, 670 F.2d 134, 137 (9th Cir. 1982) (quoting *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968)). The allegations in this Complaint do not seek issuance of a divorce, alimony, or child custody decree, nor does the primary issue in this case involve the marital or custodial status of Defendant Chen or Ellen Hao

---

[2] Defendant attempts to bring this case into the domestic relationship exception by relying on the Eighth Circuit's decision *Kahn v. Kahn*, 21 F.3d 859 (8th Cir. 1994). In *Kahn*, the plaintiff brought a federal action against her husband seeking tort damages and an accounting. 21 F.3d at 860. The federal complaint "asserted essentially the same conduct as set forth in the dissolution petition," and the court found that the domestic relations exception applied because the allegations in the federal action were "inextricably intertwined" with the divorce proceedings. *Id.* at 860-61. Here, however, the allegations in Plaintiff's Complaint are not alleged to be identical to those in the divorce proceeding between Chen and Ellen. Additionally, to the extent that the Complaint in this case raises issues that are intertwined with the divorce proceeding, this Court finds that the relationship between the two actions is more properly considered in the context of abstention. *See Ankenbrandt*, 504 U.S. at 704 (addressing grounds for abstention after determining that narrow domestic relationship exception does not apply); *Kahn*, 21 F.3d at 860 n.1 ("Courts generally use abstention in the context of a dispute relating to domestic relations when the controversy does not fall within the exact purview of divorce, alimony or child custody, but instead is closely related.").

6

Case No.: 10-CV-00826-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1  Chen. Accordingly, this case does not fall within the domestic relations exception as articulated by
2  the Supreme Court, and the Court is not deprived of jurisdiction on that ground.
3       Second, Defendant also argues that the presence of unnamed Doe defendants destroy
4  diversity, thereby divesting this Court of jurisdiction. It is true that a few Ninth Circuit decisions
5  hold that the inclusion of Doe defendants destroys diversity. *See Garter-Bare Co. v. Munsingwear,*
6  *Inc.*, 650 F.2d 975, 981 (9th Cir. 1981) (stating that inclusion of Doe defendants destroys
7  diversity); *Molnar v. National Broadcasting Co.*, 231 F.2d 684, 687 (9th Cir. 1956). However,
8  more recent decisions call this rule into question. In particular, the Ninth Circuit in *Lindley v.*
9  *General Elec. Co.* held that a California state law which extends the statute of limitations for Doe
10 defendants named in a complaint is state substantive law that must be applied by a federal court
11 sitting in diversity. 780 F.2d 797, 799-81 (9th Cir. 1986). As the District of Hawaii has noted, "if
12 including Doe Defendants automatically destroyed diversity, then *Lindley* and its progeny would
13 be 'meaningless.'" *Fat T, Inc. v. Aloha Tower Associates Piers 7, 8, and 9*, 172 F.R.D. 411, 414
14 (D. Haw. 1996). For under *Lindley*, a federal court sitting in diversity is required to apply the
15 state's Doe defendant statute, yet once a plaintiff includes Doe defendants pursuant to such a
16 statute, the court would be required to dismiss the matter for lack of subject matter jurisdiction
17 under *Garter-Bare Co. Id.* This Court agrees with courts in Hawaii and California that the more
18 sensible approach is to permit Doe defendants and to defer the jurisdictional question until actual
19 parties are substituted. *Id.*; *Pacific Maritime Freight, Inc. v. Foster*, No. 10-cv-0578, 2010 WL
20 3339432, at *3 n.1 (S.D. Cal. Aug. 24, 2010) (stating that "inclusion of Doe defendants does not
21 presumptively destroy diversity" and characterizing authority to the contrary as outdated). As
22 these courts have noted, this approach is also consistent with the revisions to the removal statute
23 that occurred since *Grater-Bare Co.* and which provide that Doe defendants do not destroy
24 diversity in the removal context. *See Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1527 (9th Cir.
25 1989) (describing amendments to removal statute and concluding that "Congress obviously
26 reached the conclusion that doe defendants should not defeat diversity jurisdiction"). Accordingly,
27 this Court finds that the inclusion of Doe defendants does not destroy diversity, and the Court is not
28 divested of jurisdiction on that ground.

7
Case No.: 10-CV-00826-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

**B. Abstention**

Defendant also moves, in the alternative, to dismiss or stay this case under federal principles of abstention. However, the Court has already determined that Plaintiff's Complaint does not allege facts necessary to invoke the diversity jurisdiction of this Court. Until the Court has properly established that it has subject matter jurisdiction over this case, it is not appropriate to consider whether the Court should abstain from exercising that jurisdiction. Accordingly, the Court does not reach the issue of abstention at this time.

**IV. Conclusion**

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss, with leave to amend, for lack of subject matter jurisdiction, on grounds that Plaintiff has failed to allege Defendant's domicile or state citizenship. Plaintiff shall file an amended Complaint, if any, within 30 days of this order.

**IT IS SO ORDERED.**

Dated: October 5, 2010

_____
LUCY H. KOH
United States District Judge