CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation
   John D. Minton, Esq. (Bar No. 223823)
216 Park Road
Burlingame, California  94011-0513
Telephone:  (650) 342-9600
Facsimile:  (650) 342-7685
Email:  jminton@carr-mcclellan.com

Attorneys for Plaintiff
SHYH-YIH HAO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHYH-YIH HAO,<br><br>        Plaintiff,<br><br>    vs.<br><br>WU-FU CHEN, and<br>DOES 1 THROUGH 10, inclusive<br><br>        Defendants. | Case No. C10-00826 LHK (HRL)<br><br>**SECOND AMENDED COMPLAINT FOR CONVERSION, BREACH OF FIDUCIARY DUTY, UNJUST ENRICHMENT AND ACCOUNTING**<br><br>[JURY TRIAL DEMANDED] |

Plaintiff, Shyh-Yih Hao, alleges as follows:

## JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. section 1332(a)(2), as the action is between a United States citizen and a citizen of a foreign state.  Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391(a).

## INTRADISTRICT ASSIGNMENT

Pursuant to Civ. L-R 3-2(e), assignment to the San Jose Division is proper as this action arises in Santa Clara County.

## THE PARTIES

1.   Plaintiff Shyh-Yih Hao is a citizen of Taiwan.

2.   Defendant is a California citizen who, among other things:  (1) maintains his primary residence in California; (2) earns income from employment in California; (3) pays taxes

1  in California (identifying a California address as his "[h]ome address" on his tax returns); and (4)
2  receives his brokerage account statements in California.

3      3.    Plaintiff is informed and believes, and on that basis alleges, that defendants Does
4  1-10 are entities or individuals who participated in and/or aided and abetted in the commission of
5  the actions described herein. The identities of the various Does are unknown to Plaintiff at this
6  time. Upon information and belief, said fictitiously named defendants are liable to Plaintiff on
7  the basis of the same allegations made herein against the named defendant. Plaintiff will seek
8  leave to amend this Complaint to insert the true names and capacities of the Doe defendants when
9  they are ascertained.

## FACTS COMMON TO ALL CLAIMS

11      4.    Plaintiff Shyh-Yih Hao is the brother-in-law of Defendant Wu-Fu Chen.
12  Defendant is a Silicon Valley venture capitalist who has amassed a considerable personal fortune
13  investing in young companies in Silicon Valley and elsewhere.

14      5.    Plaintiff invested in two venture funds established by Defendant. In July 1998 and
15  April 2000, Defendant formed "Chens LLC" and "WFChen, LLC," respectively. These
16  Delaware limited liability companies were formed, according to identical language in their
17  respective "Limited Liability Company Agreement[s]" (hereafter "Operating Agreements"), "to
18  acquire, hold and dispose of such stocks, securities and other investment assets as the Manager
19  may select on behalf of the Company, and to engage in such other activities as the Manager may
20  deem appropriate . . . ." The Operating Agreements designated Defendant as the "Manager" of
21  Chens LLC and WFChen, LLC.

22      6.    Plaintiff invested millions of dollars into the venture funds. Both funds performed
23  well. The tax returns for Chens LLC and WFChen, LLC reflect that, at year end 2006, Plaintiff's
24  interests in Chens LLC and WFChen, LLC totaled nearly $8 million.

25      7.    As a family member, Plaintiff trusted Defendant would be a faithful steward of
26  Plaintiff's investment in the venture funds.

27      8.    Signs that this trust was misplaced came in 2009, when Plaintiff's queries about
28  the performance of his investments in Chens LLC and WFChen, LLC were met with silence from

Defendant. By this time Defendant had separated from Plaintiff's sister. Defendant and Plaintiff's sister are currently going through divorce proceedings.

9. On information and belief, unbeknownst to Plaintiff, in or around January 2007 Defendant generated what purported to be "Interest Transfer Agreement[s]" for Chens LLC and WFChen, LLC. These agreements purported to transfer Plaintiff's interests in Chens LLC and WFChen, LLC to a limited liability company formed in the Cayman Islands going by the name of Cascade Capital Management, LLC. (On information and belief, Cascade Capital Management had been incorporated in October 2003, with Defendant as managing director.) The agreements stated that in exchange for Plaintiff's interests in Chens LLC and WFChen, LLC, Plaintiff was to be paid $7,084,808. None of this money was ever paid to Plaintiff. The agreements also purport to contain Plaintiff's signature, but the signature on the agreements is noticeably different from Plaintiff's authentic signature.

10. On information and belief, also unbeknownst to Plaintiff, in July 2007 Defendant filed with the State of Delaware "Certificate[s] of Cancellation" as to Chens LLC and WFChen, LLC.

11. After several attempts by Plaintiff to secure information about the whereabouts of his investment funds, Plaintiff finally heard back from Defendant through his counsel. No information about the location of the missing funds was provided. Defendant's counsel merely offered the *non sequitur* – which Plaintiff disputes in any event – that Plaintiff had not complied with unspecified capital call requests. Notably, the Operating Agreements for Chens LLC and WFChen, LLC state that "no Member shall make any . . . further Capital Contributions, except as otherwise provided in this Article II." Article II states that Plaintiff's capital contribution will be $2,400,000. Defendant's counsel conceded that Plaintiff contributed more than this amount.

### FIRST CLAIM FOR RELIEF

### (Conversion)

12. Plaintiff hereby repeats and realleges the allegations set forth in paragraphs 1 through 11 above, as if set forth fully herein.

13. Plaintiff entrusted Defendant with millions of dollars of Plaintiff's money to invest

and oversee.  Defendant, without Plaintiff's consent, intentionally misappropriated this money.

14.     Plaintiff was harmed and continues to be harmed by Defendant's actions in an amount to be proven at trial, but no less than $8 million.

15.     Defendant's conduct was malicious, oppressive and fraudulent so as to justify an award of exemplary and punitive damages.

## SECOND CLAIM FOR RELIEF

### (Breach of Fiduciary Duty)

16.     Plaintiff hereby repeats and realleges the allegations set forth in paragraphs 1 through 15 above, as if set forth fully herein.

17.     During the time Defendant was the managing member of Chens LLC and WFChen, LLC, he was a fiduciary of the companies.  As such, he owed the companies and their members certain duties, including a duty of loyalty, a duty of candor, and a duty to refrain from acting to the detriment of the companies.

18.     In his capacity as the managing member, Defendant was entrusted with millions of dollars of member money to invest and oversee.  Rather than faithfully discharge that duty, Defendant misappropriated and converted Plaintiff's money.

19.     Defendant's actions violated his duty to refrain from acting to the detriment of Chens LLC and WFChen, LLC and its members, as well as his duties of loyalty and candor.

20.     As a result of Defendant' actions described herein, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $8 million.

21.     Defendant's conduct was malicious, oppressive and fraudulent so as to justify an award of exemplary and punitive damages.

## THIRD CLAIM FOR RELIEF

### (Unjust Enrichment)

22.     Plaintiff hereby repeats and realleges the allegations set forth in paragraphs 1 through 21 above, as if set forth fully herein.

23.     Through his misappropriation of Plaintiff's investment funds in Chens LLC and WFChen, LLC, Defendant has received a benefit that he has unjustly retained at Plaintiff's

1   expense.

2   24.    As a result, Plaintiff has suffered damages in an amount to be proven at trial, but
3   no less than $8 million.

4   25.    By reason of Defendant's acts, Plaintiff is entitled to restitution from Defendant of
5   all income, gains, profits and advantages resulting from his wrongful conduct in amounts to be
6   determined according to proof at trial.

7   26.    Further, Defendant's conduct was malicious, oppressive and fraudulent so as to
8   justify an award of exemplary and punitive damages.

## FOURTH CLAIM FOR RELIEF

### (Accounting)

27.    Plaintiff hereby repeats and realleges the allegations set forth in paragraphs 1 through 26 above, as if set forth fully herein.

28.    Defendant oversaw, invested and managed investment money on behalf of members of Chens LLC and WFChen, LLC.  Because of this relationship between Plaintiff, as a member of the companies, and Defendant, and because Defendant possesses money belonging to Plaintiff that Defendant is obliged to surrender, Plaintiff is entitled to an accounting that fully sets forth and describes with specificity (1) all transactions relating to the investment activities of Chens LLC and WFChen, LLC and all inflows and outflows of capital from the accounts of Chens LLC and WFChen, LLC, from inception to date, and (2) the location, movement and investment activities related to the money held in Plaintiff's capital accounts in Chens LLC and WFChen, LLC, from December 31, 2006 to date.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment that includes:

1.    Actual, consequential and general damages, in an amount to be proven at trial;

2.    Punitive damages pursuant to Civil Code Section 3294 in an amount to be determined by the trier of fact;

3.    Restitution;

4.    Disgorgement of profits wrongfully derived by Defendant from the use of

1 | Plaintiff's money;

2 |     5.    A constructive trust transferring to Plaintiff all money possessed by or controlled

3 | by Defendant as a result of the wrongful acts described above;

4 |     6.    An accounting that fully sets forth and describes with specificity (1) all

5 | transactions relating to the investment activities of Chens LLC and WFChen, LLC and all inflows

6 | and outflows of capital from the accounts of Chens LLC and WFChen, LLC, from inception to

7 | date, and (2) the location, movement and investment activities related to the money held in

8 | Plaintiff's capital accounts in Chens LLC and WFChen, LLC, from December 31, 2006 to date;

9 |     7.    Interest and reasonable attorneys' fees allowed by law;

10 |     8.    His costs of suit; and

11 |     9.    Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a jury trial on all issues so triable.

Dated:  November 4, 2010

            CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
            Professional Law Corporation


            By: _____/s/_____
                      John D. Minton
                      Attorneys for Plaintiff
                      SHYH-YIH HAO

29257-00002\iManage\3556973.1