**\*E-FILED 02-24-2011\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHYH-YIH HAO, | No. C10-00826 LHK (HRL) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO QUASH SUBPOENA** |
| v. | |
| WU-FU CHEN and DOES 1-10, | [Re: Docket No. 45] |
| Defendants. | |

Plaintiff Shyh-Yih Hao (Hao) says that he invested millions of dollars in two venture funds established by his brother-in-law, defendant Wu-Fu Chen (Chen). The two corporate ventures at issue—Chens LLC and WFChen LLC—were formed in July 1998 and April 2000, respectively. In essence, plaintiff says that defendant misappropriated his money. He sues for conversion, breach of fiduciary duty, unjust enrichment, and an accounting. Diversity jurisdiction is asserted. Chen claims that plaintiff never had any ownership interest in the ventures, and that any interest Hao might have had was funded entirely by defendant's own money.

Chen has subpoenaed Charles Schwab for information pertaining to transactions made in a certain account opened in Hao's name. Hao moves to quash that subpoena on the grounds that discovery sought is irrelevant and violates his right to privacy. Chen opposes the motion. The matter is deemed suitable for determination without oral argument, and the March 1, 2011

hearing is vacated.  CIV. L.R. 7-1(b).  Upon consideration of the moving and responding papers, this court grants the motion in part and denies it in part.

Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena commanding a non-party to attend and testify; produce designated documents, electronically stored information, or tangible things in that non-party's possession, custody or control; or permit the inspection of premises.  FED.R.CIV.P. 45(a)(1)(A)(iii).  The scope of discovery through a Fed. R. Civ. P. 45 subpoena is the same as that applicable to Fed. R. Civ. P. 34 and the other discovery rules.  FED.R.CIV.P. 45 advisory committee's note (1970).

Parties may obtain discovery about any nonprivileged matter that is relevant to any party's claim or defense.  FED.R.CIV.P. 26(b)(1).  Under Fed. R. Civ. P. 26, relevance is construed more broadly for discovery than for trial.  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  Discovery is not unfettered, however.  A court must limit the extent or frequency of discovery if it finds that (a) the discovery sought is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome or less expensive, (b) the party seeking discovery has had ample opportunity to obtain the information through discovery; or (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving those issues.  FED.R.CIV.P. 26(b)(2)(C)(i)-(iii).

This court generally agrees that the subpoena, as drafted, is overbroad.  Nevertheless, the subpoena encompasses certain categories of information that are relevant or reasonably calculated to lead to the discovery of admissible evidence.  FED. R. CIV. P. 26(b)(1).  Accordingly, Chen shall be permitted to obtain:

1. requested information about the four deposit transactions he says he made to the account (i.e., $5,000 to open the account in September 1997; the deposit of Cisco Systems stock in November 1997; additional shares of Cisco Systems stock in

          December 1997; and a single deposit of Cisco Systems shares and Northern Telecommunications shares in 2004);

2. the September and October 1997 account statements, which Hao agrees are fair game for discovery;

3. signatory or authorization cards used to verify the signature of persons conducting transactions in the account, which Hao agrees are not objectionable;

4. requested information about any withdrawal of funds used to purchase shares in the two LLCs at issue; and

5. requested information about deposits (if any) other than the four made by Chen (identified above).

This court finds that the relevance of these categories of information outweigh Hao's privacy interests (if any) in the account. Accordingly, plaintiff's motion to quash is denied as to this discovery.

    Except for the categories of discovery set out above, plaintiff's motion to quash is granted because the subpoena otherwise does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

    SO ORDERED.

Dated: February 24, 2011

                                    HOWARD R. LLOYD
                                    UNITED STATES MAGISTRATE JUDGE

3

United States District Court
For the Northern District of California

1  5:10-cv-00826-LHK Notice has been electronically mailed to:

2  David John Sasseen , Esq     sasseen@ix.netcom.com

3  John D. Minton     jminton@carr-mcclellan.com, ccrawford@carr-mcclellan.com, cloza@carr-mcclellan.com, jburns@carr-mcclellan.com, jtrego@carr-mcclellan.com, vhodam@carr-mcclellan.com

5  Scott Edward Atkinson     satkinson@carr-mcclellan.com, gllewellyn@carr-mcclellan.com

6  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

4