*E-FILED 02-24-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHYH-YIH HAO,<br><br>    Plaintiff,<br><br>  v.<br><br>WU-FU CHEN and DOES 1-10,<br><br>    Defendants._____/ | No. C10-00826 LHK (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL INTERROGATORY ANSWERS**<br><br>[Re: Docket No. 51] |

Plaintiff Shyh-Yih Hao (Hao) says that he invested millions of dollars in two venture funds established by his brother-in-law, defendant Wu-Fu Chen (Chen). The two corporate ventures at issue—Chens LLC and WFChen LLC—were formed in July 1998 and April 2000, respectively. In essence, plaintiff says that defendant misappropriated his money. He sues for conversion, breach of fiduciary duty, unjust enrichment, and an accounting. Diversity jurisdiction is asserted. Chen claims that plaintiff never had any ownership interest in the ventures, and that any interest Hao might have had was funded entirely by defendant's own money.

Defendant now moves for an order compelling Hao to serve supplemental answers to interrogatories 1-11. Hao opposes the motion. The matter is deemed suitable for determination without oral argument, and the March 1, 2011 hearing is vacated. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court grants the motion in part and

denies it in part as follows:

A.   Boilerplate Objections

In the preamble to his interrogatory responses, Hao asserted a number of General Objections. He did not, however, assert any objections in response to a particular interrogatory. This practice obscures the extent to which Hao may be withholding information and does not satisfy the requirement for specificity under Fed. R. Civ. P. 33(b)(4). Thus, to the extent Hao relies on his General Objections as to any particular interrogatory, any such objection is overruled.

B.   Plaintiff's Objection to Sub-Parts

Hao contends that defendant's interrogatories are improper because they contain multiple subparts and therefore exceed the 25-interrogatory limit under Fed. R. Civ. P. 33(a)(1). Suffice to say that Hao responded to all interrogatories, notwithstanding that he now argues that he should not have had to do so. His objection is overruled.

C.   Information Available to Plaintiff

Hao has an obligation to answer each interrogatory fully, under oath, providing all information available to him. FED. R. CIV. P. 33(b). Chen argues that this duty requires Hao to make inquiries and obtain information from third parties who "managed" the Schwab account[1]—such as Hao's sister, Ellen Chen. This court agrees. Accordingly, to the extent he has not already done so, Hao shall make diligent inquiry and conduct a reasonable investigation for all responsive information called for by defendant's interrogatories. To the extent Hao must inquire of third parties (including his sister Ellen Hao Chen) in order to fully comply with his obligations under Fed. R. Civ. P. 33, he shall do so. If, after conducting diligent inquiry and a reasonable investigation, Hao has no further responsive information, he shall say so in a supplemental verified interrogatory answer. Additionally, Hao shall, along with his supplemental verified interrogatory answer, provide defendant with a declaration (a) listing Hao's efforts (and those of his counsel) to obtain responsive information; (b) certifying that all

---

[1] That is, account number [XXXX]-6751 at Charles Schwab Co., Inc., opened in September 1997.

2

1  information and documents have been provided to Chen; and (c) that he and his counsel have
2  exhausted efforts to locate responsive information and documents.

3  D.  Interrogatories 1-4

4  In sum, these interrogatories ask Hao for information about the Schwab account, Hao's
5  purchase of certain share certificates, and other matters pertinent to the instant action. Chen
6  does not seek to compel further responses to these interrogatories, except for the identification
7  of documents relating to Hao's responses. Chen's motion as to these interrogatories is granted.
8  To the extent there are documents pertaining to Hao's response that he has not yet identified for
9  defendant, Hao shall do so in a supplemental verified interrogatory answer.

10  E.  Interrogatory 5

11  In sum, this interrogatory seeks information about the circumstances relating to the
12  August 2004 deposit of Cisco Systems stock to the Schwab account. This court is
13  underwhelmed by defendant's complaint about the form of Hao's response. Nevertheless, it
14  appears that Hao has not provided certain information called for by this interrogatory. Nor has
15  plaintiff presented any convincing reason why he should not be required to do so. Accordingly,
16  Chen's motion as to this interrogatory is granted. Hao shall serve a supplemental interrogatory
17  answer, correcting the deficiencies detailed in defendant's motion papers. If, after conducting
18  diligent inquiry and a reasonable investigation, Hao has no further responsive information, he
19  shall say so in his supplemental verified interrogatory answer.

20  F.  Interrogatory 6

21  This interrogatory essentially seeks information about the circumstances relating to the
22  August 2004 deposit of Nortel stock in the Schwab account. This court is underwhelmed by
23  defendant's complaint about the form of Hao's response. Nevertheless, it appears that Hao has
24  not provided certain information called for by this interrogatory. Nor has plaintiff presented
25  any convincing reason why he should not be required to do so. Accordingly, Chen's motion as
26  to this interrogatory is granted. Hao shall serve a supplemental a interrogatory answer,
27  correcting the deficiencies detailed in defendant's motion papers. If, after conducting diligent
28

3

inquiry and a reasonable investigation, Hao has no further responsive information, he shall say so in his supplemental verified interrogatory answer.

G. Interrogatory 7

Briefly stated, this interrogatory asks Hao to identify documents that he personally signed and those that Ellen Hao Chen (or others) signed on his behalf. And, as for those documents signed by others, the interrogatory asks Hao to state whether his signature was made with or without his authorization. It appears to this court that Hao has answered the interrogatory, albeit not in as much detail as the interrogatory calls for and that defendant would like. Plaintiff has not presented any convincing reason why he should not be required to do so. Accordingly, Chen's motion as to this interrogatory is granted. Hao shall serve a supplemental interrogatory answer, providing the detail sought by the interrogatory. Specifically, among the documents produced thus far in this litigation, Hao shall identify for defendant which documents he signed himself and which ones Ellen Hao Chen signed on his behalf.

H. Interrogatory 8

In essence, this interrogatory asks Hao to identify all assets he deposited into the Schwab account, provide certain details about any such deposits, and identify documents relating to his response. This court is underwhelmed by defendant's objections to the form of Hao's response. Nevertheless, the court agrees that Hao's answer is evasive, and Chen's motion as to this interrogatory is granted. Did plaintiff make any deposits to the Schwab account? If so, he shall so state and provide the requested information about any such deposit. Hao shall also identify all documents relating to his response, as requested by the interrogatory.

I. Interrogatory 9

In sum, this interrogatory asks Hao to identify all payments he made to acquire an interest in one of the corporate ventures at issue, Chens LLC; provide related details; and identify any documents relating to his response. The court is not convinced that Hao's answer is deficient (or, at least, not as lacking as defendant claims). But, to the extent Hao has more detailed information identifying the checks he refers to in his answer, he shall provide that information in a supplemental verified interrogatory answer.

4

J.    <u>Interrogatory 10</u>

Essentially, this interrogatory asks Hao to identify all agreements by which he acquired an ownership interest in WFChen LLC, as well as all communications relating to those agreements and any documents relating to his response. This court is unpersuaded that Hao's answer is deficient, except to the extent that he has not identified all documents relating to his response. To the extent Hao has not already identified all documents relating to his response, as called for by this interrogatory, he shall do so in a supplemental interrogatory answer.

K.    <u>Interrogatory 11</u>

In sum, this interrogatory asks Hao to identify all payments he made to acquire an interest in WFChen, LLC or in response to a capital call from WFChen, LLC, as well as certain other related information, and any documents relating to his answer. As discussed in connection with Interrogatory 9 (above). The court is not convinced that Hao's answer is deficient (or, at least not as lacking as defendant claims). But, to the extent Hao has more detailed information identifying the checks he refers to in his answer, he shall provide that information in a supplemental verified interrogatory answer.

Hao shall serve his supplemental interrogatory answers to defendant's interrogatories within 14 days from the date of this order.

SO ORDERED.

Dated: February 24, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

1  5:10-cv-00826-LHK Notice has been electronically mailed to:

2  David John Sasseen , Esq     sasseen@ix.netcom.com

3  John D. Minton     jminton@carr-mcclellan.com, ccrawford@carr-mcclellan.com, cloza@carr-mcclellan.com, jburns@carr-mcclellan.com, jtrego@carr-mcclellan.com, vhodam@carr-mcclellan.com

5  Scott Edward Atkinson     satkinson@carr-mcclellan.com, gllewellyn@carr-mcclellan.com

6  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.